## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 12-23886-CIV-ROSENBAUM

DVI RECEIVABLES XIV, LLC, *et al.*,

      Appellant,

v.

MAURY ROSENBERG,

      Appellee.

_____/


### OPINION AND ORDER

This matter is before the Court upon the Initial Brief on Appeal [D.E. 11] and the Supplemental Brief [D.E. 32] of Appellants DVI Receivables XIV, LLC, DVI Receivables XVI, LLC, DVI Receivables XVII, LLC, DVI Receivables XVIII, LLC, DVI Receivables XIX, LLC, DVI Funding, LLC (the "Petitioning Creditors"), Lyon Financial Services, Inc., ("Lyon") and U.S. Bank N.A. ("USB"). The Court has considered the briefs, all supporting and opposing filings, and the record in this case. For the reasons set forth below, the Court concludes that the Bankruptcy Court's award of attorney's fees and costs was proper and reasonable and therefore affirms the Bankruptcy Court's rulings.

### BACKGROUND

This appeal stems from an involuntary bankruptcy petition filed by the Petitioning Creditors against Appellee Maury Rosenberg in the United States Bankruptcy Court for the Eastern District of Pennsylvania. *In re Maury Rosenberg*, No. 08-17346, D.E. 1 (Bankr. E.D. Pa. Nov. 7, 2008). The involuntary petition was transferred to the United States Bankruptcy Court for the Southern District

of Florida and was thereafter dismissed by the Honorable A. Jay Cristol on August 21, 2009. *In re Rosenberg*, 414 B.R. 826, 842 (Bankr. S.D. Fla. 2009), *subsequently aff'd*, 472 F. App'x 890 (11th Cir. 2012). Judge Cristol found, among other things, that the Petitioning Creditors were not real parties in interest and that they therefore lacked standing as a matter of law to file an involuntary petition against Rosenberg. *Id.* at 842.

The Petitioning Creditors appealed the dismissal order to the Honorable K. Michael Moore of this Court, who affirmed the Bankruptcy Court's dismissal. *DVI Receivables XIV, LLC, v. Rosenberg*, No. 10-24347, D.E. 11 (S.D. Fla. Sept. 27, 2011). Petitioning Creditors then filed a further appeal to the Eleventh Circuit Court of Appeals, who affirmed Judge Moore's decision and the dismissal of the petition. *In re Rosenberg*, 472 F. App'x 890, 891 (11th Cir. 2012).

The issue before this Court concerns Rosenberg's subsequent filing before Judge Cristol of Rosenberg's Motion to Award Attorney's Fees and Costs and for Compensatory, Consequential, Special, and Punitive Damages for the Bad Faith Filing of the Involuntary Petition Against Maury Rosenberg. *In re Rosenberg*, No. 09-13196, D.E. 101 (Bankr. S.D. Fla. Oct. 29, 2009). Rosenberg, who filed his motion on October 29, 2009, two months after Judge Cristol dismissed the petition, brought his motion pursuant to 11 U.S.C. § 303(i). This provision allows a court to award attorney's fees, costs, and—if the petitioner is found to have acted in bad faith—damages to the debtor if the court dismisses an involuntary bankruptcy petition filed against the debtor. 11 U.S.C. § 303(i). Besides seeking an award from Petitioning Creditors, Rosenberg's Motion also requested awards from additional parties who were not parties to the proceedings up to that point. *See* D.E. 11 at 5. Judge Cristol ordered Rosenberg to convert the Motion into an adversary complaint—or, in the alternative, to withdraw the Motion and file a new adversary complaint—so that the court could have

jurisdiction over these additional parties. *In re Rosenberg*, No. 09-13196, D.E. 126 (Bankr. S.D. Fla. Jan. 27, 2010).

Rosenberg re-filed his pleading for fees, costs, and damages as a Complaint for Damages and Other Relief in a new adversary proceeding before Judge Cristol. *Rosenberg v. DVI Receivables XIV, LLC*, No. 10-03812, D.E. 1 (Bankr. S.D. Fla. Dec. 27, 2010). Judge Cristol dismissed all of Rosenberg's claims except his federal-law claims against Petitioning Creditors, Lyon, USB, and Jane Fox, the Director for Operations of Lyon. *Id.* at D.E. 165; D.E. 166; D.E. 168. Rosenberg filed a demand for a jury trial, *id.* at D.E. 152, but Lyon, USB, and Fox did not consent to a jury trial in the Bankruptcy Court, so they filed a Motion to Withdraw Reference to the District Court, *id.* at D.E. 257.

The Honorable Patricia A. Seitz of this Court granted the Motion to Withdraw Reference as to Rosenberg's claims under § 303(i)(2) only. *Rosenberg v. DVI Receivables XIV, LLC*, No. 12-22275, D.E. 10 (S.D. Fla. Aug. 10, 2012). Judge Seitz concluded, among other things, that claims for damages under § 303(i)(2), which require a finding of the petitioner's "bad faith," are analogous to common-law claims for malicious prosecution and therefore triable by a jury. *Id.* at 3-4. As for Rosenberg's claims for attorney's fees and costs under § 303(i)(1), Judge Seitz determined that they were not analogous to malicious-prosecution claims, so she denied a withdrawal of the reference as to those claims. *Id.*

On September 11, 2012, Judge Cristol issued an Order Determining Reasonable Amounts of Attorney's Fees and Costs Recoverable Against Petitioning Creditors Pursuant to 11. U.S.C. § 303(i)(1) ("Fee Order"). *Rosenberg v. DVI Receivables XIV, LLC*, No. 10-03812, D.E. 461 (Bankr.

S.D. Fla. Sept. 11, 2012). In his Order, Judge Cristol held Appellants jointly and severally liable for $1,073,314.82 of Rosenberg's attorney's fees and costs under § 303(i)(1). *Id.* Judge Cristol's April 11, 2013, Order Granting Plaintiff's Motion for Entry of Final Judgment, *id.* at D.E. 502, and Final Judgment, *id.* at D.E. 501, revised this amount to $1,032,287.04, together with post-judgment interest.

Appellants separately appealed both the September 11, 2012, Fee Order, and the April 11, 2013, Order and Final Judgment. D.E. 1; *DVI Receivables XIV, LLC v. Rosenberg*, No. 13-22134, D.E. 1 (S.D. Fla. June 13, 2013). On June 19, 2013, this Court consolidated both of Appellants' appeals. D.E. 30.

Appellants challenge the Bankruptcy Court's Fee Order on a number of grounds. They claim that Rosenberg's motion for fees was untimely because it was filed sixty-nine days after the entry of Judge Cristol's Dismissal Order. D.E. 11 at 12-14. They also assert that it was improper for Judge Cristol to award fees for work performed in the furtherance of Rosenberg's damage claims before Judge Seitz when those damage claims had not yet been resolved. *Id.* at 14-16. Appellants also contend that it was improper for the Fee Order to award fees for work performed in the furtherance of (1) the appeals of the Dismissal Order before Judge Moore and the Eleventh Circuit, (2) Rosenberg's claim for damages, and (3) Rosenberg's claim for fees and costs, *i.e.*, "fees on fees." *Id.* at 16-21. As to (2) fees on Rosenberg's claim for damages, Appellants argue that Rosenberg waived these fees because they were not properly pled in his adversary complaint. D.E. 32 at 3-8. Appellants further argue that it was erroneous to award fees and costs against Lyon and USB because they were not petitioning creditors of the original involuntary petition that was dismissed. *Id.* at 23-26. Finally, Appellants assert that the fees awarded to Rosenberg's counsel are unreasonable and

excessive. D.E. 11 at 27-31.[1]

Rosenberg responds that most of the general principles and cases regarding attorney's fees to which Appellants cite do not apply to the specific issue of awarding attorney's fees under § 303(i). D.E. 15 at 17; D.E. 33 at 6-7. In addition, Rosenberg argues that Appellants bring some of their claims for the first time on appeal, and these claims may not be considered by this Court. D.E. 15 at 32; D.E. 33 at 2.

### *JURISDICTION*

Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). With regard to appeals from bankruptcy courts, district courts enjoy jurisdiction over only three types of orders: (1) final orders, as described in 28 U.S.C. § 158(a)(1); (2) interlocutory appeals issued under 11 U.S.C. § 1121(d), as described in 28 U.S.C. § 158(a)(2); and, (3) with leave of the court, other interlocutory orders, as described in 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. Pro. 8001(b). *Tobkin v. Calderin*, 2012 WL 3609867, at *1 (S.D. Fla. Aug. 22, 2012). As this Court has explained, district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees." *Id.* at *1–2; 28 U.S.C. § 158(a)(1).

Appellants properly seek review of the Bankruptcy Court's Fee Order under 28 U.S.C. §

---

[1] Appellants' Initial Brief on Appeal also asserted that it was improper to award fees and costs before adjudicating USB's defense of its right of setoff. D.E. 11 at 22-23. However, Appellants thereafter voluntarily withdrew their setoff defense, thereby rendering this issue moot. D.E. 22 at 1.
Appellants' Supplemental Brief notes that, in addition to the Fee Order that is appealed here, Rosenberg has filed with the bankruptcy court a second motion seeking approximately $2.1 million in additional fees and costs incurred after issuance of the original Fee Order. D.E. 32 at 8. Appellants argue that this second fee order may be improper under Rule 54(b), Fed. R. Civ. P. *Id*. The issue of the second fee order, however, is not before this Court, nor does the record indicate that the Bankruptcy Court has ruled on this second motion.

158(a)(1). D.E. 11 at 1. The appeals were timely filed, and the parties do not dispute jurisdiction as to this Order. *See* D.E. 15 at 2. This Court agrees that it enjoys jurisdiction.

## *STANDARD OF REVIEW*

Bankruptcy courts are governed by the Federal Rules of Bankruptcy Procedure. Under Rule 8013, Fed. R. Bankr. P., a district court reviews the factual findings of a bankruptcy court for clear error. As for the conclusions of law of the bankruptcy court and the application of the law to the particular facts of the case, a district court must conduct a *de novo* review. *See In re Feingold*, 474 B.R. 293, 294 (S.D. Fla. 2012) (citing *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009); *In re Club Assocs.*, 951 F.2d 1223, 1228–29 (11th Cir.1992)) ("The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*").

## *DISCUSSION*

11 U.S.C. § 303 governs the filing of involuntary petitions with a bankruptcy court. Section 303(i) provides,

> (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment–
>> (1) against the petitioners and in favor of the debtor for–
>>> (A) costs; or
>>> (B) a reasonable attorney's fee; or
>> (2) against any petitioner that filed the petition in bad faith, for–
>>> (A) any damages proximately caused by such filing; or
>>> (B) punitive damages.

11 U.S.C. § 303(i). After dismissing the involuntary petition of Petitioning Creditors, on September

11, 2012, Judge Cristol awarded Rosenberg—the Debtor—attorney's fees and costs under §

303(i)(1). D.E. 16-12. On March 13, 2013, Judge Seitz of this court awarded Rosenberg damages

under § 303(i)(2) after a jury found that Petitioning Creditors had acted in bad faith. *Rosenberg*, No.

12-22275, D.E. 108 (S.D. Fla. March 13, 2013). Appellants here challenge Judge Cristol's award

of attorney's fees and costs under § 303(i)(1).

### A. Timeliness

Appellants assert that the Fee Order should be reversed because Rosenberg's Fee Motion was

not timely filed. D.E. 11 at 12. Rosenberg filed his Fee Motion sixty-nine days after the entry of the

Dismissal Order, but Appellants assert that the Motion should have been filed within twenty days

after the Order pursuant to Local Bankruptcy Rule 7054-1(F). *Id.* They also contend that the

Bankruptcy Court erred in relying on the Dismissal Order's reservation of jurisdiction over the issue

of fees and costs to find that the Fee Motion was not untimely. *Id.* at 13.

"As a general rule . . . attorney's fee requests must be made within a reasonable period of

time after the entry of final judgment." *Clark v. Hous. Auth. of City of Alma*, 971 F.2d 723, 724 (11th

Cir. 1992) (citing *Loman Dev. Co. v. Daytona Hotel & Motel Suppliers*, 817 F.2d 1533, 1536 (11th

Cir. 1987); *Gordon v. Heimann*, 715 F.2d 531, 539 (11th Cir. 1983)). Section 303(i) does not

provide a statutory time limit by which motions for fees or damages must be filed. *See* 11 U.S.C. §

303(i). Local Bankruptcy Rule 7054-1(F), however, does provide that "[f]ees and costs . . . shall be

considered only upon motion to the court filed within 21 days after entry of the judgment."[2] Bankr.

---

[2] The Federal Rules of Bankruptcy Procedure do not incorporate the requirement of the
Federal Rules of Civil Procedure that a motion for attorney's fees must be filed within fourteen days
after entry of judgment. *See* Fed. R. Bankr. P. 7054(a); Fed. R. Civ. P. 54(d)(2)(B)(i). Thus, the
Local Rules of the United States Bankruptcy Court for the Southern District of Florida govern the

S.D. Fla. L.R. 7054-1(F).

Rosenberg filed his Fee Motion more than twenty-one days after the issuance of the Dismissal Order, but Judge Cristol did not find the Motion untimely because the Dismissal Order expressly reserved jurisdiction on the issue of fees and costs without imposing any time limitation.[3] D.E. 16-12 at 10 n.4. Though the Fee Order was issued on September 11, 2012, Judge Cristol noted that Rosenberg's initial Fee Motion was filed much earlier, on October 29, 2009. *Id.*

Appellate courts give "great deference" to a lower court's interpretation of its local rules, reviewing such interpretations for abuse of discretion. *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008) (quoting *Clark*, 971 F.2d at 727); *see also In re Smith*, No. 12-12921, 2013 WL 3287111, at *3 (11th Cir. June 28, 2013) (citing *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006)) ("We review a court's decision to dismiss a case for failure to comply with the rules of the court for an abuse of discretion"). The Bankruptcy Court considered and rejected Appellants' argument that Rosenberg's Fee Motion was untimely.  D.E. 16-12 at 10 n.4. It was not an abuse of the Bankruptcy Court's discretion to consider the merits of the Motion notwithstanding the time limit of the Bankruptcy Court's local rules. *See Steele v. Ford Motor Credit Co.*, 783 F.2d 1016, 1017 n.1 (11th Cir. 1986) (refusing to dismiss an appeal for a "technical violation of a local district rule which the district court itself chose to ignore").

---

issue.

[3] The Dismissal Order notes, "The Court retains jurisdiction to award Rosenberg his costs, reasonable attorney's fees, and punitive damages (if appropriate) which were caused by the filing of this involuntary case to which Rosenberg may be entitled under Section 303(i) of the Bankruptcy Code. . . . The Court retains jurisdiction to determine Section 303(i) as well as to enter any such orders as may be appropriate." D.E. 16-5 at 34.

Nor does Appellants' reliance on *In re Walker*, 2009 WL 7906786 (11th Cir. Nov. 18, 2009), alter the analysis. Appellants assert that *Walker* supports the notion that a "reservation of jurisdiction to award attorney fees and costs, without more, does not toll timely filing standards." *In re Walker*, 2009 WL 7906786, at *2 (quoting *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir.1990)). *Walker* concerned a motion for sanctions filed eighteen months after the issuance of judgment, which the bankruptcy court dismissed as untimely. *Id.* at *1. The Eleventh Circuit in *Walker* gave "great deference" to the lower court's interpretation of its local rules and affirmed the bankruptcy court's dismissal. *Id.* at *2. Here, however, Appellants ask this Court to ignore the deference it must afford to the Bankruptcy Court's interpretation of its local rules and find that the Bankruptcy Court abused its discretion when it determined that Rosenberg's Fee Motion, filed two months after the Dismissal Order, was not untimely. Two months is not an unreasonable period of time, *see Clark*, 971 F.2d at 724, and the Bankruptcy Court did not abuse its discretion in declining to dismiss the Fee Motion as untimely.

### B. Appellate Fees

The Fee Order states that the Bankruptcy Court has the authority to award fees and costs that Rosenberg incurred in defending Appellants' appeals of the Bankruptcy Court's dismissal of the involuntary petition. D.E. 16-12 at 11. In support of this determination, the Bankruptcy Court found that a denial of appellate fees would frustrate the legislative intent behind § 303(i). *Id.* (citing *In re John Richards Homes Bldg. Co., L.L.C.*, 405 B.R. 192, 198-200 (E.D. Mich. 2009); *In re Cadillac by DeLorean & DeLorean Cadillac, Inc.*, 265 B.R. 574 (Bankr. N.D. Ohio 2001)).

Appellants argue that the Bankruptcy Court erred in concluding that it could award appellate fees and costs. D.E. 11 at 17-20. They argue that Rule 38, Fed. R. App. P., provides that only

appellate courts have the authority to award appellate fees. *Id.* Rosenberg retorts that nothing in § 303(i)(1) prevents a bankruptcy court from awarding appellate fees and costs. D.E. 15 at 15-17. Both parties cite a number of cases from other circuits as support for their positions, but neither party cites any controlling case law from this circuit.

The statutory language of § 303(i)(1) is ambiguous as to whether a bankruptcy court may award attorney's fees and costs related to proceedings arising from the filing of an involuntary petition but incurred subsequent to the dismissal of that petition. *See John Richards Homes*, 405 B.R. at 212. Section 303(i)(1) neither expressly authorizes a bankruptcy court to award appellate fees nor expressly limits its ability to award fees only to proceedings at the trial level. *Id.*

Courts of other circuits have resolved this ambiguity in two opposing ways. Some district courts have found it proper for the bankruptcy court to award appellate fees, given Congress's intent to award fees to alleged debtors who successfully defend involuntary petitions. *See John Richards Homes*, 405 B.R. at 215-216; *In re Glannon*, 245 B.R. 882, 895 (D. Kan. 2000); *In re Landmark Distributors, Inc.*, 195 B.R. 837, 846 (Bankr. D.N.J. 1996). These courts reason that it is possible that the majority of the attorney's fees of the alleged debtor can arise from proceedings that follow the dismissal of the petition—such as disputes about attorney's fees under § 303(i)(1), proceedings to determine if the petition was filed in bad faith under § 303(i)(2), and appeals of the dismissal itself—so denying these fees would "fly in the face of legislative intent and common sense." *John Richards Homes*, 405 B.R. at 215 (quoting *Glannon*, 245 B.R. at 895; *Landmark*, 195 B.R. at 846). Judge Cristol's Fee Order likewise notes that a "denial of appellate fees would frustrate legislative intent." D.E. 16-12 at 11.

Other district courts have concluded that a bankruptcy court may award appellate fees under

§ 303(i)(1) without considering whether the statute does, in fact, authorize the bankruptcy court to do so. *Cadillac by DeLorean*, 265 B.R. at 583; *In re Atlas Mach. & Iron Works, Inc*., 190 B.R. 796, 803 (Bankr. E.D. Va. 1995); *In re Petrosciences Intern., Inc*., 96 B.R. 661, 665 (Bankr. N.D. Tex. 1988) (prospectively awarding appellate fees in the event that the dismissal of the petition is appealed); *but see In re Law Ctr.*, 304 B.R. 136, 138-39 (Bankr. M.D. Pa. 2003) (declining to afford much weight to these three cases because "there was no issue raised as to the bankruptcy court's authority in those proceedings to issue appeal-related costs and attorney's fees under Section 303(i)").

Meanwhile, the Ninth Circuit and other district courts interpret the lack of express authorization in § 303(i)(1) to preclude the bankruptcy court from awarding appellate fees. *See Higgins v. Vortex Fishing Sys., Inc*., 379 F.3d 701, 708-09 (9th Cir. 2004); *Law Ctr.*, 304 B.R. at 139-40; *In re Allen-Main Associates, Ltd. P'ship*, 229 B.R. 577, 579 (Bankr. D. Conn. 1999). Under this view, "the only authority for awarding discretionary appellate fees in bankruptcy appeals is Rule 38[, Fed. R. App. P.]" *In re Del Mission Ltd.*, 98 F.3d 1147, 1154 (9th Cir. 1996).[4] The Ninth Circuit nevertheless has noted that this approach creates a "discrepancy that only Congress can rectify" between the clear legislative intent to award fees and costs to alleged debtors who successfully defend involuntary petitions—regardless of whether the petitioners are found to have acted in bad faith—and Rule 38's limitation that an appeals court may award fees only when an appeal is

---

[4] The *Del Mission* Court limited its holding that appellate fees in bankruptcy appeals may be awarded only under Rule 38 to discretionary appellate fees, and the court expressly declined to consider mandatory appellate fees. *Del Mission*, 98 F.3d at 1154 n.7. Fee awards under § 303(i)(1) are discretionary. 11 U.S.C. § 303(i) ("the court *may* grant judgment . . .") (emphasis added).

determined to be frivolous.[5] *Higgins*, 379 F.3d at 709 n.3. The Bankruptcy Court of the Middle District of Pennsylvania further noted that—in addition to Rule 38, Fed. R. App. P.—Rule 8020, Fed. R. Bankr. P., also authorizes an appellate court to award fees in bankruptcy appeals, protecting the alleged debtor even if the bankruptcy court cannot award appellate fees under § 303(i)(1).[6] *Law Ctr.*, 304 B.R. at 139-40.

The Eastern District of Michigan, however, determined that the opportunity for an award of appellate fees under Rule 38, Fed. R. App. P., or Rule 8020, Fed. R. Bankr. P., does not necessarily preclude a bankruptcy court from granting appellate fees under § 303(i)(1). *John Richards Homes*, 405 B.R. at 216-17. In reaching this conclusion, the court noted that all types of involuntary

---

[5] Rule 38, Fed. R. App. P., provides,

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. App. P. 38.

[6] Rule 8020, Fed. R. Bankr. P., provides,

> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. Bankr. P. 8020. The Advisory Committee states that this rule conforms to the language of Rule 38, Fed. R. App. P., and "recognizes that the authority to award damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts, bankruptcy appellate panels, and courts of appeals." Fed. R. Bankr. P. 8020 advisory committee's note.

petitions—even those filed in good faith—place onerous burdens on the alleged debtor, and Congress intended to ameliorate those burdens by allowing bankruptcy courts to award fees whenever an involuntary petition is dismissed unless all parties consent to the dismissal or the debtor waives his right to judgment. *Id.* The court pointed to the Ninth Circuit's observation that a "discrepancy" would result if the "frivolous" standard to award appellate fees under Rule 38, Fed. R. App. P., or Rule 8020, Fed. R. Bankr. P., were applied to award appellate fees arising from the dismissal of involuntary petitions because § 303(i)(1) does not require a finding of frivolousness or bad faith. *Id.* However, unlike the Ninth Circuit, the Eastern District of Michigan reasoned that the discrepancy may be resolved by awarding appellate fees under § 303(i)(1), thereby allowing all of the debtor's fees and costs to be awarded when an involuntary petition is dismissed without the need to apply a "frivolous" standard to that portion of the debtor's fees associated with defending an appeal. *Id.*

Congress did indeed intend for § 303(i)—particularly when combined with the bond requirement of § 303(e)—to discourage the filing of frivolous or spiteful petitions:

> The court may, under [§ 303(e)], require the petitioners to file a bond to indemnify the debtor for such amounts as the court may later allow under [§ 303(i)]. Subsection (i) provides for costs, attorneys fees, and damages in certain circumstances. The bonding requirement will discourage frivolous petitions as well as spiteful petitions based on a desire to embarrass the debtor (who may be a competitor of a petitioning creditor) or put the debtor out of business without good cause. An involuntary petition may put a debtor out of business even if it is without foundation and is later dismissed.

S. Rep. 95-989, p. 33 (1978), 1978 U.S.C.C.A.N. 5787, 5819. Indeed, an allegation of bankruptcy "usually chills the alleged debtor's credit and his sources of supply. It can scare away his customers. It leaves a permanent scar, even if promptly dismissed." *In re SBA Factors of Miami, Inc.*, 13 B.R.

99, 101 (Bankr. S.D. Fla. 1981).

In view of the fee-shifting legislative purpose of § 303(i), Supreme Court precedent suggests that awarding appellate fees under § 303(i) may well be proper. Section 303(i) is a fee-shifting statute because it is tied to the outcome of the litigation and shifts the costs of the litigation as a whole. *See In re S. California Sunbelt Developers, Inc.*, 608 F.3d 456, 462 (9th Cir. 2010) (quoting *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 553 (1991)). Such fee-shifting statutes differ from provisions for sanctions, such as Rule 11, Fed. R. Civ. P., which turn on only whether a specific filing is well-founded and award only a portion of litigation costs. *Id.*

In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), the Supreme Court disallowed awards for appellate fees under the sanction provisions of Rule 11. Significantly, however, in its analysis, the Court noted, "As Rule 11 is not a fee-shifting statute, the policies for allowing district courts to require the losing party to pay appellate, as well as district court attorney's fees, are not applicable." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 409 (1990). This language implies that policy reasons to award appellate fees would exist where fee-shifting statutes such as § 303(i) are involved. *See also Int'l Floor Crafts, Inc. v. Dziemit*, 420 F. App'x 6, 17 (1st Cir. 2011) ("Courts understand these fee-shifting statutes to account for appellate fees as well."); *Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 672 (7th Cir. 2007) ("an appellee who has properly been awarded an attorney's fee in the district court [is also entitled] to an attorney's fee for successfully defending the district court's judgment in the court of appeals. Otherwise the purpose of the initial award—to shift the cost of litigation to the losing party—would be imperfectly achieved." (internal citations omitted)).

-14-

*Cooter & Gell* noted that Federal Rule of Appellate Procedure 38's frivolousness standard accords with "the policy of not discouraging meritorious appeals." *Cooter & Gell*, 496 U.S. at 408. But Congress clearly intended to exempt fee awards under § 303(i) from any frivolousness or bad-faith standard, thereby prioritizing the protection of alleged debtors above concerns of a chilling effect that might discourage legitimate creditors from filing meritorious involuntary petitions. And because the decision to appeal an unsuccessful involuntary petition is always in the hands of the petitioners themselves, an award of appellate fees under § 303(i) does not necessarily increase the chilling effect that would discourage creditors from filing involuntary petitions in the first instance. The protection of the alleged debtor from inappropriate bankruptcy litigation, however, is indeed enhanced by allowing appellate fees under § 303(i). Thus, it is reasonable to conclude that the rationale behind Congress's enhanced protection of alleged debtors from involuntary petitions at the trial level extends to the appellate level. Accordingly, the Bankruptcy Court did not err in awarding Rosenberg fees and costs incurred in defending the appeals of the dismissal of the involuntary petition.

### C. Fees for Damages Claims

Appellants argue that the Bankruptcy Court improperly awarded Rosenberg fees paid for litigating the § 303(i)(2) damages proceeding before Judge Seitz because such fees cannot be awarded under § 303(i)(1), and no determination as to the bad faith of Appellants had been made at the time of the Fee Order. D.E. 11 at 20-21. In addition, Appellants contend that Rosenberg waived fees for litigating his damage claims by failing to specifically plead them in his Adversary Complaint. D.E. 32 at 3.

Rosenberg responds that this Court cannot consider two of these arguments—that the

Bankruptcy Court should not award fees incurred on § 303(i)(2) damages claims before a final determination of bad faith and that Rosenberg's Complaint did not properly plead fees on § 303(i)(2) damages claims—because they are raised for the first time on appeal. D.E. 15 at 32; D.E. 33 at 2.

"As a general rule, an appellate court will not consider a legal issue or theory raised for the first time on appeal." *Formby v. Farmers & Merchants Bank*, 904 F.2d 627, 634 (11th Cir. 1990) (quoting *Lattimore v. Oman Construction*, 868 F.2d 437, 439 (11th Cir. 1989) (per curiam)). But the decision whether to consider an argument raised for the first time on appeal "is left primarily to the discretion of the appellate court, to be exercised on the particular facts of the individual cases." *Ramirez v. Sec'y, U.S. Dept. of Transp.*, 686 F.3d 1239, 1250 (11th Cir. 2012) (citing *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984)). The Eleventh Circuit recommends deviation from this general practice in the following situations:

> First, an appellate court will "consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." Second, the rule may be relaxed where the appellant raises an objection to an order which he had no opportunity to raise at the district court level. Third, the rule does not bar consideration by the appellate court in the first instance "where the interest of substantial justice is at stake." Fourth, "a federal appellate court is justified in resolving an issue not passed on below . . . where the proper resolution is beyond any doubt." Finally, it may be appropriate to consider an issue first raised on appeal if that issue presents significant questions of general impact or of great public concern.

*Dean Witter Reynolds*, 741 F.2d at 360-61 (internal citations omitted). Appellants do not address Rosenberg's argument that their claims raised for the first time on appeal should not be heard by this Court, and this Court does not find that any of the *Dean Witter Reynolds* factors apply in this case.

The Court nevertheless briefly considers the merits of Appellants' argument that fees for

litigating damages claims may not be awarded. Rosenberg correctly notes that the majority of courts to have considered the issue agree that a bankruptcy court may award fees on damages claims. *John Richards Homes*, 405 B.R. at 215 (Section 303(i)(1) "authorizes a bankruptcy court to award attorney's fees and costs incurred from all proceedings arising out of the filing of an involuntary petition if that petition is dismissed."); *Glannon*, 245 B.R. at 895; *Landmark*, 195 B.R. at 845 ("upon dismissal of an involuntary petition pursuant to section 303(i), the court *may* grant judgment against petitioning creditors and in favor of the alleged debtor for costs and reasonable attorneys' fees *whether related to the alleged debtor's efforts to dismiss the petition pursuant to § 303(i)(1), or to prove bad faith or establish damages pursuant to § 303(i)(2).*" (emphasis original)); *In re Advance Press & Litho, Inc.*, 46 B.R. 700, 703 (Bankr. D. Colo. 1984) ("nothing in the Code or case authority limit[s] an award to the date of dismissal. Preparation for and attendance at the hearing on attorney's fees, costs and damages are also part of the matters which are occasioned as a result of an Involuntary Petition. As such, they are compensable under § 303(i).").

Appellants cite only one case that denied an award of fees on damages, *Matter of Pierce*, 165 B.R. 252 (Bankr. N.D. Ind. 1994). In *Pierce* the debtor's efforts to recover damages were "totally unsuccessful" because the "debtor's belief that the petition had a malicious motivation [was] fantasy." *Id.* at 256. Nowhere in the court's order, though, did it address whether the bankruptcy court in fact lacked the authority to award fees on damages. *See Glannon*, 245 B.R. at 895 n.20 (noting that "the bankruptcy judge [in *Pierce*] did not discuss his reasoning for precluding a recovery of attorney's fees under § 303(i)(1)(B) for attorney's fees incurred in the damages phase of the case.").

All fees and costs awarded under § 303(i)(1) are, after all, discretionary. 11 U.S.C. § 303(i)

("the court *may* grant judgment . . .") (emphasis added). This Court therefore reads *Pierce* to stand

for the proposition that it is within a bankruptcy court's discretion to deny an award of fees on

damages claims under § 303(i)(1) when the court deems denial appropriate, such as when the

debtor's pursuit of damages is itself found to be frivolous. *Pierce*, however, does not stand for the

proposition that a bankruptcy court lacks the authority to award fees on damages in all instances.

Accordingly, the Bankruptcy Court did not err in awarding fees on damages.

### D. "Fees on Fees"

Appellants further argue that it was improper for the Bankruptcy Court to award fees incurred

in litigation concerning the Fee Motion itself. D.E. 11 at 21. In support of this proposition,

Appellants note that the court in *In re Fox*, 171 B.R. 31, 34 (Bankr. E.D. Va. 1994), did not allow

an award of "fees with respect to the controversy over the fees." The *Fox* Court, however, simply

declared that it would not award fees on fees, but it never analyzed the issue. *Id.* Appellants do

concede that other courts have indeed awarded fees on fees under § 303(i)(1) but suggest that this

Court should not do the same because Rosenberg's Fee Motion, filed against multiple parties, was

a "broad[] campaign . . . . to engender[] a substantial amount of litigation and enormous fees." D.E.

11 at 21.

"In statutory fee cases, federal courts . . . have uniformly held that time spent in establishing

the entitlement to and amount of the fee is compensable." *In re S. California Sunbelt Developers,*

*Inc.*, 608 F.3d at 463 (quoting *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir.1985)).

"This is so because it would be inconsistent to dilute a fees award by refusing to compensate

attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Id.*

(Quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008)). In accordance with

this principle, courts of other circuits have awarded fees on fees under § 303(i)(1). *Id.*; *In re Express Car & Truck Rental, Inc.*, 440 B.R. 422, 436-37 (Bankr. E.D. Pa. 2010); *Glannon*, 245 B.R. at 894 (Section 301(i)(1) "applies to *all* phases of a § 303 proceeding in which the bankruptcy petition was dismissed" (emphasis original)). The Bankruptcy Court below did not err in doing the same thing.

Appellants' argument that an award of fees on fees should be reversed because of Rosenberg's alleged "campaign" to engender litigation is also meritless. As Rosenberg notes, the Bankruptcy Court already dismissed the Fee Motion's state-law claims and claims against defendants other than Appellants, and the fees-on-fees award was accordingly reduced. D.E. 15 at 19. If Rosenberg's original Fee Motion was excessively broad, the Bankruptcy Court's reduction in the fee award adequately addressed the issue.

### E. Parties Liable for Fees and Costs

The Bankruptcy Court's Fee Order determined that Petitioning Creditors and Lyon were jointly and severally liable for Rosenberg's fees and costs. D.E. 16-12 at 21. Appellants argue that the Bankruptcy Court erred in awarding attorney's fees and costs against Lyon[7] because it was not an entity listed as a "Petitioner" on the original involuntary petition. D.E. 11 at 23-26; *see* D.E. 16-1. But Jane Fox, Lyon's Director of Operations, acted as the "individual signing in representative capacity" for all of the Petitioning Creditor entities. D.E. 16-1. The Bankruptcy Court found that Fox

---

[7] During the pendency of the involuntary proceedings, Lyon was a second-tier subsidiary of USB. D.E. 11 at 1 n.1. After the dismissal of the involuntary petition, however, Lyon merged with USB, and they are now a single entity. *Id.* Both Lyon and USB appeal the Bankruptcy Court's Fee Order and argue that it was error for the Bankruptcy Court to award fees and costs against both entities. *See id.* at 23. Because at the time of the Fee Order, Lyon and USB were separate entities, the Bankruptcy Court was able to find Lyon—but not USB—liable. Accordingly, this Court discusses the Bankruptcy Court's determination of agency liability only with respect to Lyon, but notes that USB may also be liable now because of the merger.

acted within the scope of her employment as Director of Operations with Lyon when she signed the petitions and that Lyon acted on behalf of USB, the Trustee for the securitized transactions that gave rise to the involuntary petitions. D.E. 16-12 at 16. In reaching this conclusion, the Bankruptcy Court noted that the parties were "intertwined"[8] and that Fox, as the agent of Lyon, bound Lyon through her actions, under the doctrines of agency law and respondeat superior. *Id.* at 14.

The issue of Lyon's liability also came before Judge Seitz in the proceeding on damage claims under § 303(i)(2). *Rosenberg*, No. 12-22275, D.E. 60. Judge Seitz determined that collateral estoppel precluded the District Court from reconsidering a legal issue of agency law already considered by the Bankruptcy Court but nevertheless briefly considered the merits of the issue and agreed with the Bankruptcy Court's determination. *Id.* at 9-12.

In holding Lyon liable, the Bankruptcy Court cited *In re Oakley Custom Homes, Inc.*, 168

_____

[8] As the background of this case shows, Petitioning Creditors, Lyon, and USB are intertwined in a number of respects. The alleged debts that gave rise to the filing of the involuntary petitions originate from equipment leases that were part of complex securitization transactions between Petitioning Creditors and USB, as Trustee. D.E. 16-5 at 5-6. The Bankruptcy Court determined that Petitioning Creditors were "just pass through vehicles" "created solely for the purposes of [these] securitization transactions." *Id.* at 21. Lyon later became successor servicer of these leases. *Id.* at 8. As noted, *supra*, Lyon was previously a second-tier subsidiary of USB but has now merged with USB.

Prior to the involuntary petition at issue in this case, some of Petitioning Creditors had filed a different involuntary petition against Rosenberg's entities. *Id.* at 9. The parties resolved this petition through a settlement agreement that was not signed by the original Petitioning Creditors; Lyon, however, signed the settlement agreement in its capacity as successor servicer for the original Petitioning Creditors and as agent for the Trustee. *Id.*

Furthermore, Fox, the Director of Operations of Lyon, signed the involuntary petitions involved in this case on behalf of the Petitioning Creditors. *Id.* at 13-14. Fox signed the petition even though she is not an officer, director, or employee of any of these Petitioning Creditors. *Id.* at 14. No meeting of the directors or officers of the Petitioning Creditors authorized Fox to sign the petitions on their behalf. *Id.* at 14. Nevertheless, Fox testified that she believed that only Lyon had the authority to sign the involuntary petitions because Lyon was granted broad authority to act on behalf of Petitioning Creditors. *Id.*

-20-

B.R. 232 (Bankr. D. Colo. 1994), to support the notion that agents and principals for petitioning creditors may be liable under § 303(i)(1). D.E. 16-12 at 14. The *Oakley* Court noted that "[d]ue to the admitted agency relationship . . . and the express authority granted by [the principal] to [the agent], the actions of [the agent] are attributable to and, in part, may properly be considered, actions of Petitioner, [the principal]." *In re Oakley Custom Homes, Inc.*, 168 B.R. at 235.

The Bankruptcy Court also relied on *In re Southern California Sunbelt Developers, Inc.*, 608 F.3d 456, 467 (9th Cir. 2010), in which the Ninth Circuit affirmed in part a bankruptcy-court ruling that thirteen petitioning creditors and two individuals who "exercised control over the petitioning creditors," *id.* at 460, could be held jointly and severally liable for the alleged debtor's attorney's fees incurred in successfully defending an involuntary petition. This Court, however, agrees with Appellants that while the court in *Southern California Sunbelt Developers* did award fees against the petitioning creditors under § 303(i)(1), the court awarded fees against the two individual non-petitioners under Rule 9011, Fed. R. Bankr. P., and the court's inherent power—but not under § 303(i)(1). *Id.* at 460; *see* D.E. 22 at 13 n.13. Thus, *Southern California Sunbelt Developers* by itself does not stand for the notion that entities other than the petitioning creditors can be held liable under § 303(i)(1).

Appellants' Brief, in turn, cites a number of cases from other districts as support for their notion that only those entities who appear as petitioning creditors on the involuntary petition are subject to liability under § 303(i). D.E. 22 at 13. These cases, however, are inapposite.

Many cases that Appellants cite hold that the petitioning creditor's attorney cannot be held liable under § 303(i)(1). *In re Walden*, 787 F.2d 174, 174 (5th Cir. 1986); *In re Merrifield Town Ctr. Ltd. P'ship*, No. 09-18119, 2010 WL 5015006, at *5 (Bankr. E.D. Va. Dec. 30, 2010); *Glannon*, 245

B.R. at 893 (noting that "[t]he language of § 303(i) allows courts to issue judgments against offending petitioners; it makes no mention of their counsel"); *Matter of Ramsden*, 17 B.R. 59, 61 (Bankr. N.D. Ga. 1981). In the present case, however, Judge Cristol dismissed Rosenberg's previous § 303(i)(1) claims against counsel for Appellants, and Rosenberg does not contest that ruling here. *See* D.E. 16-12 at 3. Lyon does not act as counsel to Petitioning Creditors, so the issue of whether legal counsel to petitioners can be held liable under § 303(i)(1) has no bearing on the present issue.

Appellants also cite *In re HSR Associates*, 162 B.R. 680, 683-84 (Bankr. D.N.J. 1994), in which the alleged debtor improperly attempted to pierce the corporate veil and hold the principal of a petitioning corporation liable. Here, however, Fox signed the involuntary petitions on behalf of Petitioning Creditors, but she was not an officer, director, or employee of Petitioning Creditors. As a result, piercing the corporate veil is not at issue. As for *In re Childs Co.*, 52 F. Supp. 89 (S.D.N.Y. 1943), which Appellants also cite, this case was decided prior to the enactment of § 303(i). Consequently, it is not instructive on an award of fees and costs under § 303(i)(1).

Finally, Appellants direct the Court to *In re Denver Community Development Credit Union*, No. 04-23761, 2004 WL 2274961 (Bankr. D. Colo. Oct. 5, 2004), in which the court found it could not award fees against a member of the board of directors of the petitioning association in his individual capacity. *Id.* at *3. Because the director was an agent acting on behalf of a fully disclosed principal with the full authorization of the principal, the court reasoned, no basis existed to hold the director individually liable. *Id.*

Here, however, the record shows that Fox, Director of Operations of Lyon, filed the involuntary petitions without any authorization from the directors of Petitioning Creditors. D.E. 16-5 at 14. As the Bankruptcy Court correctly noted, Fox, acting within the scope of her employment as

Director of Operations of Lyon, nevertheless exercised "exclusive control" over Petitioning Creditors. D.E. 16-12 at 16. Petitioning Creditors, after all, were merely "pass through vehicles" "created solely for the purposes of the securitization transactions" that gave rise to the involuntary petitions. D.E. 16-5 at 21. The background facts of this case demonstrate that a unique, "intertwined" relationship existed between Petitioning Creditors and Lyon. *See supra*, n.8. For these reasons, the Bankruptcy Court did not err in holding Lyon liable for the filing of an involuntary petition that was signed by its Director of Operations in her professional capacity.

### F. Reasonableness of Fees

Finally, Appellants complain that the Bankruptcy Court awarded excessive and unreasonable fees. D.E. 11 at 27-31. Appellants argue that the fee award is unreasonable because the Bankruptcy Court never heard their evidence of Appellants' good faith or Rosenberg's bad faith. *Id.* at 27-29. Yet, as is abundantly clear, § 303(i)(1) requires only that the court dismiss the involuntary petition in order for an award of fees and costs to be proper—the issue of the petitioners' good or bad faith is immaterial to the inquiry. *See Higgins*, 379 F.3d at 706 ("The statute simply indicates that bad faith is not a prerequisite to awarding attorney's fees and costs under § 303(i)(1).").

Appellants also contend that the fees awarded were unreasonably high because Rosenberg used the services of two law firms during the course of the bankruptcy litigation: Weir & Partners, P.C. ("W&P"), the Pennsylvania law firm that began working on the case when it was initially filed in the Eastern District of Pennsylvania, and Genovese, Joblove & Battista, P.A. ("Genovese"), the Florida law firm that became involved after the case was transferred to the Southern District of Florida. *Id.* at 30. They contend that Rosenberg did not need to employ two law firms during the course of the litigation and that Genovese "was more than capable of handling this matter on its own,

after a brief transition." *Id.*

Courts generally deny fee awards for matters where "it appears that several professionals have attacked a matter that could adequately be managed by one." *In re Apache Trading Group, Inc.*, 229 B.R. 887, 889 (Bankr. S.D. Fla. 1999) (quoting *In re Aztec Co.*, 113 B.R. 414, 415 (Bankr. M.D. Tenn. 1990)). But "courts also recognize situations where it is both necessary and reasonable for multiple attorneys to work together." *Id.* The Bankruptcy Court's Fee Order noted that W&P historically represented Rosenberg and that the firm had "invaluable knowledge" about the transactions involved in the case. D.E. 16-12 at 20. The Bankruptcy Court also noted that W&P was familiar with the substantive Pennsylvania law underlying the case. *Id.* at 18. As for Genovese, it is a firm familiar with the practice before the Southern District of Florida, where the involuntary bankruptcy proceedings were transferred. Thus, it was not unreasonable for both firms to be involved in Rosenberg's representation, and the record does not reveal inappropriately duplicative billing. *See In re Laclede Cab Co.*, 76 B.R. 687, 693 (Bankr. E.D. Mo. 1987) ("compensation [under § 303(i)(1)] for the legal services rendered by two law firms in connection with this proceeding upon an involuntary petition is reasonable.").

Appellants further argue that Rosenberg's counsel conducted "excessive" attorney conferences and "an extraordinary number of telephone and other conferences" with Rosenberg. D.E. 11 at 30-31. They contend that an excessive proportion of attorney time charges—17%—was for conference time. *Id.* at 31. The Bankruptcy Court, however, disagreed with this assertion because inter-office agency conferences are a "necessary part of the practice of law, especially when complex issues are involved and difficult strategy decisions must be made." *Id.* at 20. The Bankruptcy Court also found that "[c]lient conferences are not precluded simply because one's lawyers are capable of

-24-

filing the proper documents." *Id.* at 20-21.

"[M]ultiple attorneys on the same case are not automatically precluded from obtaining fees for strategic conferences between themselves." *Advanced Diabetes Treatment Centers, LLC v. Sebelius*, No. 09-61698, 2012 WL 5077155, at *15 (S.D. Fla. Sept. 20, 2012), *report and recommendation adopted sub nom. Advanced Diabetes Treatment Centers, L.L.C. v. Sebelius*, No. 09-61698, 2012 WL 5062415 (S.D. Fla. 2012) (citing *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1337 (D.C. Cir. 1982)). "In fact, it could be *detrimental* to a client's overall litigation position if lawyers operated in intellectual silos and never shared analytic approaches with their colleagues." *Id.* The only evidence Appellants put forth that Rosenberg's counsel's conference time was excessive is that 17% of attorney time charges were for conference time. This, by itself, is insufficient evidence to find the Bankruptcy Court's award unreasonable.[9]

### *CONCLUSION*

For the foregoing reasons, the Bankruptcy Court's conclusions are **AFFIRMED** and Appellants' appeal is **DENIED**. The Clerk of Court shall **CLOSE** this case. All pending motions

---

[9] After briefing of this appeal was completed, Appellants filed a Motion to Supplement Record on Appeal [D.E. 35], requesting the Court to supplement the record with documents that Appellants believed were not part of the record. However, Appellants' later filing admits that they "overlooked the fact that the four [requested] documents were already on the list of items designated for . . . the more recent appeal" that was consolidated into the original appeal. D.E. 39. Accordingly, Appellants' Motion to Supplement Record on Appeal [D.E. 35] is moot.

are **DENIED as MOOT.**

      **DONE and ORDERED** in Fort Lauderdale, Florida, this 23rd day of September 2013.


ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record